UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV425

| | | |
|---|---|---|
| CHICAGO TUBE & IRON COMPANY, a Delaware Corporation, | ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| STEVEN STAVROU, KENNETH E. NOWAK, MITCHELL HUNTER and CHANUTE MANUFACTURING COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

On October 17, 2006, this Court held a hearing in the above-captioned case regarding Plaintiff Chicago Tube & Iron Company's Motion for a Temporary Restraining Order and Preliminary Injunctive Relief against Defendants Steven Stavrou, Kenneth E. Nowak, Mitchell Hunter (collectively referred to herein as the "Individual Defendants"), and Chanute Manufacturing Company. (Doc. No. 5). Present at the hearing were counsel for the plaintiff and counsel for the Individual Defendants and for Defendant Chanute. The Court found that due notice of the hearing of this Motion has been given to the Individual Defendants and Chanute. The Court: (i) reviewed Chicago Tube's Complaint, the TRO Motion, and Chicago Tube's Memorandum in Support of its TRO Motion (with supporting affidavits and exhibits); (ii) reviewed Defendants' Memorandum Opposing Chicago Tube's TRO Motion (with supporting affidavits and exhibits); (iii) heard argument from counsel for the parties; and the Court (iv) was fully advised in the premises.

For the purpose of this Consent Decree only, the Court finds and orders as follows:

(1) Chicago Tube designs, manufactures and sells tubing, pipe, valves, and a variety of other steel product lines. Chicago Tube provides a range of services relating to the use and installation of these products, including a comprehensive and complex method for fabricating pressure parts and tubing for boilers that operate at high temperatures. Through the course of its business, Chicago Tube has developed and uses its confidential information and trade through which it maintains its relationships with its current customers and solicits potential new customers;

(2) Defendant Stavrou was employed by Chicago Tube as a proposal manager and project manager from March 2000 to September 22, 2006; Defendant Nowak was employed by Chicago Tube as from October 18, 2004 to September 22, 2006; and Defendant Hunter was employed by Chicago Tube as the Southeastern Regional Manager from March 4, 2000 to December 8, 2004.

(3) During their respective terms of employment with Chicago Tube, each of the Individual Defendants had access to Chicago Tube's confidential information and trade secrets.

(4) In consideration of their employment with Chicago Tube, the Individual Defendants signed Confidentiality Agreements (the "Agreements") with Chicago Tube on March 4, 2000 (Stavrou), March 4, 2000 (Hunter), and October 18, 2004 (Nowak), respectively. The Agreements are attached to the Complaint.

(5) The Agreements prohibit the Individual Defendants, inter alia: from disclosing or using Chicago Tube confidential information and trade secrets that was developed for or obtained by the Individual Defendants while associated with Chicago Tube. (Agreements ¶2.)

(6) Each of the Individual Defendants has accepted or has commenced employment with Chanute, which sells steel tube, pipe, valves and other products in direct competition with Chicago Tube.

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS**:

A. Stavrou, Nowak, Hunter and Chanute, and their principals, agents, servants, employees, employers, affiliates, representatives and attorneys, and those persons in active concert or participation with them, agree as follows:

(1) Individual Defendants shall not use or disclose Chicago Tube confidential information and trade secrets for the benefit of Chanute or any firm, person or entity acting in concert with the Individual Defendants and Chanute;

(2) Within twenty-one (21) days of service of discovery requests, the Individual Defendants are each required to return any Chicago Tube confidential information and trade secrets, as well as any other files, documents, bids, contracts, training materials, or other documents or files provided to them in connection with their employment, regardless of form and whenever received and/or taken, and they are required to provide Affidavits affirming that they have used their best and reasonable efforts to search for and retrieve such materials.

(3) Pursuant to the terms of a Stipulated Protective Order to be presented by the Parties, Individual Defendants and Chanute shall make all of their files, servers, hard drives, thumb drives, laptop computers, back-up tapes, optical disk, home or personal computers and other repositories of electronically stored information, as well as any hard copy records, available for the purpose of having them inspected by forensic experts retained by the Parties to probe or discover any use or disclosure of Chicago Tube confidential information and trade secrets, as well as any other proprietary data and electronic files of Chicago Tube.

(4) Pursuant to the terms of a Stipulated Protective Order to be presented by the Parties, Chicago Tube shall make available for both imaged and on site inspection by forensic experts for the Parties any computer device, including, but not limited to, Stavrou and Nowak's hard drives and Chicago Tube's servers, back up drives, and other repositories of electronically stored information regardless of locations, but specifically including those located in North Carolina and Illinois that it contends establish that Individual Defendants and/or Chanute accessed or misappropriated Chicago Tube confidential information and trade secrets.

(5) The Parties are required to preserve all evidence relating to Chicago Tube's claims and the Individual Defendants' and Chanute's defenses, including all data stored on personal or business computer hard drives, disks or other storage media.

B. Stavrou and Nowak shall execute Affidavits of Compliance regarding their compliance with the requirements of this Order.

C. This Order is effective upon entry by the Court as of the date and time stated below, and will continue in effect until further order of this Court.

Signed: November 2, 2006

Robert J. Conrad, Jr.
Chief United States District Judge