IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:06CV425

| | |
|---|---|
| CHICAGO TUBE & IRON COMPANY, a Delaware Corporation,<br><br>**Plaintiff,**<br><br>vs.<br><br>STEVEN STAVROU, KENNETH E. NOWAK, MITCHELL HUNTER and CHANUTE MANUFACTURING COMPANY,<br><br>**Defendants.** | **AMENDED PRETRIAL ORDER AND CASE MANAGEMENT PLAN** |

On March 13, 2007, the Court entered a Pretrial Order and Case Management Plan based upon the Certification and Report of Initial Attorneys Conference submitted by the parties and the initial pretrial conference conducted on March 13, 2007. During the March 13, 2007 initial pretrial conference, the parties agreed to schedule mediation in this matter in mid-April. However, ultimately, mediation has been scheduled for June 11, 2007. In light of the June 11th mediation date, the parties believe it is necessary to extend all remaining deadlines by ninety (90) days to allow the parties sufficient time to conduct depositions and complete discovery. Pursuant to the request of counsel for Plaintiff and Defendants, the Court is hereby amending the Pretrial and Case Management Plan as follows:

### I. DISCOVERY

**A.  DISCOVERY GUIDELINES:** Discovery in this case is limited as follows: Each party may propound no more than twenty (20) interrogatories, including subparts; no more than twenty (20) requests for admission, and take no more than twelve (12) depositions of non-expert witnesses.

**B.     RULE 26 DISCLOSURES:** The parties have agreed to exchange the information set forth in Rule 26 by February 28, 2007.

**C.     RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION:** Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

**D.     THE MAINTENANCE OF DISCOVERY MATERIALS:** Discovery materials are NOT to be filed. All counsel are advised to consult the local rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be served on all parties, they are no longer to be filed unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

**E.     VIDEO DEPOSITIONS:** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

**F.     PROTECTIVE ORDERS:** Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the court on the completion of litigation.

**G.     DISCOVERY COMPLETION:** All discovery shall be complete no later than November 13, 2007. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion

deadline are not enforceable except by order of the court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

**H.     EXPERT WITNESSES:** The Plaintiff shall provide reports from its expert witnesses pursuant to Rule 26(a)(2) by August 29, 2007. Defendant shall provide reports from its expert witnesses by September 27, 2007. Supplementations per Rule 26(e) shall be due by within thirty (30) days after obtaining applicable information.

**I.     ELECTRONIC DISCOVERY:** This case will feature electronic discovery. The parties have consulted on this subject, and to ensure a smooth process, will hold periodic telephone conferences with the Court.

## II. MOTIONS

**A.     MOTIONS DEADLINE:** All motions except motions in limine and motions to continue shall be filed no later than January 29, 2008. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

**B.     MOTIONS HEARINGS:** Hearings on motions ordinarily will be conducted only when the Rules require a hearing, or when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision. All motions requiring a hearing will be heard as soon as is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

**C.     MEMORANDA IN SUPPORT OF MOTIONS:** Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of

authority and the grounds on which the motion is based. Motions not in compliance with this order are subject to summary denial.

**D.     RESPONSES AND REPLIES:** Responses to motions, if any, must be filed within fourteen (14) days of the date on which the motion is filed. Replies to responses, if any, must be filed within seven (7) days of the date on which the response is filed. Pursuant to Rule 6(e) of the Rules, when a party serves a motion or response by mail, the respondent shall have an additional three (3) days to file a response or reply.

**E.     EXTENSIONS OF TIME:** If counsel need more than fourteen (14) days to file a response or seven (7) days to file a reply, a motion for extension of time shall be filed, accompanied by a proposed order. The moving party must show consultation with opposing counsel regarding the requested extension and must notify the court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the court may summarily deny the request for extension.

**F.     MOTIONS TO COMPEL:** A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

### III. TRIAL

**A.     TRIAL DATE:** Trial with a jury will be set by Judge Conrad's chamber once the matter is ripe and ready to be tried. The parties estimate that the total time needed for trial will be approximately two to three weeks.

**B.     TRIAL SUBPOENAS:** Counsel must subpoena all witnesses at least ten (10) days before the day on which the Clerk of Court has set the case for trial. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

**C.     COUNSEL'S DUTIES PRIOR TO TRIAL:** At least two full weeks before the day on which the Clerk of Court has set the case for trial, counsel for all parties shall:

   (a)   Discuss the possibility of a settlement;

   (b)   Exchange copies of exhibits or permit inspection if copying is impractical; (c) Number and become acquainted with all exhibits; and

   (c)   Agree upon the issues, reduce them to writing, and file three copies with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court in triplicate.

   (d)   Agree upon stipulations of fact and file three copies with the court. The parties are encouraged to stipulate to as any facts as possible to facilitate the trial of the case.

**D.     COUNSEL'S FILINGS ONE WEEK BEFORE TRIAL**: At least one full week before the day on which the Clerk of Court has set the case for trial, counsel for each party shall file with the Clerk of Court an original and two (2) copies of each of the following:

   (a)   A trial brief addressing all questions of law and any anticipated evidentiary issues;

   (b)   In all non-jury cases, proposed Findings of Fact and Conclusions of Law;

   (c)   Proposed jury instructions, as described below; and

   (d)   Requested questions for voir dire.

**E.     PROPOSED JURY INSTRUCTIONS**: If a jury trial has been requested, all counsel shall submit proposed jury instructions <u>no later than one week</u> before the day on which the Clerk of Court

has set the case for trial. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation may not be considered.

**F.** **JURY VOIR DIRE:** The Court, after consideration of the requests for voir dire submitted by counsel, shall conduct jury voir dire. Counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's determination of reasonableness and relevance.

**G.** **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL:** No later than the morning of the first day of trial, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:

    (a)    A witness list containing the name of every proposed witness;

    (b)    A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness; (c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and

    (c)    An exhibit list.

**H.** **EXHIBIT NOTEBOOKS**: If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare <u>four (4) identical exhibit notebooks</u>, or sets of exhibit notebooks. Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.

**I.     FORMAT FOR EXHIBIT LIST:** In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>Exhibit #</u>          <u>Description</u>          <u>Identified by</u>          <u>Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

**J.     ASSESSMENT OF JURY COSTS**: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## IV. <u>ADR</u>

**A.     METHOD:** The method of ADR to be utilized in this case will be either mediation or judicial settlement conference.

**B.     DEADLINE:** The deadline for completing ADR and filing a report on the results is November 28, 2007.

## V. SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure ("the Rules").

Signed: May 7, 2007

David C. Keesler
United States Magistrate Judge